The Court
(Duckett, J., not having heard the whole argument, declined giving an opinion,)
was of opinion, that no acknowledgment by the committee of the authenticity of papers, can be given in evidence against the defendants, unless the defend- *363 anls were present, and did not deny it. The committee were special agents of the defendants, for limited purposes, and could only bind the defendants to the extent of their powers.
Mr. Youngs, for the defendants,
objected to evidence being given of a demand made on the committee, or of the time when the claim was made to the committee.
The Court, without hearing a reply, said there was no doubt that it was competent for the plaintiffs to give that evidence.
The defendants offered to read the record of the proceedings óf the Vice-Admiralty Court of Antigua.
The plaintiffs contended, that a certain affidavit annexed to that record, should be read also.
The defendants objected to all but the record.
The plaintiffs then objected to the authentication of the record.
The defendants’ counsel offered to make affidavit, that it was agreed between him, as counsel for the defendants, and H. K. May, as agent of the plaintiffs, that the record should be used on the trial.
But the Court refused to hear such affidavit, and said that they could not admit, as evidence, what was not evidence, unless the agreement was in writing at the time, and entered upon the record. It would require that the Court should decide the fact, whether there was such an agreement, and if they heard affidavits on one side, they must on the other, and there would be no end to the investigation. The parties, however, agreed to admit the record without the affidavit annexed.
Mr. Jones, for the defendants,
prayed the instruction of the Court, &c., that the sentence of condemnation as enemy property was conclusive.
But the Court decided: 1. That the sentence and proceedings in the admiralty were not conclusive evidence that the property was not American. 2. That it was not sufficient, but was competent evidence that it was not the property of American citizens. 3. That it is prima facie evidence of that fact. 4. That it is competent for the plaintiffs to adduce the evidence and testimony, as it is stated in the record of the proceedings of the Vice-Admiralty Court, to invalidate the sentence. 5. That the prayer of appeal, and the order granting it upon the usual terms, were not evidence that the appeal was prosecuted, or that those terms had been complied with.
The plaintiffs offered to prove, that another insurance ofliee had paid upon the same risk.
Refused by the Court, nem. con.
The plaintiff then offered to prove, that other underwriters upon the same policy, had paid their proportions.
Refused, nem. con.